## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| ANTWAIN SCOTT, | ) |
| Movant, | ) |
| v. | ) No. 3:16-cv-0835 |
| UNITED STATES OF AMERICA, | ) Judge Trauger |
| Respondent. | ) |

### MEMORANDUM and ORDER

Movant Antwain Scott, proceeding *pro se*, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (ECF No. 1.) The court has examined the motion as required by Rule 4(b) of the Rules Governing Section 2255 Proceedings and finds that it fails to state a cognizable claim.

In September 2015, pursuant to a binding plea agreement, the movant pleaded guilty to the charge of being a felon in possession of a firearm. *United States v. Scott*, No. 3:14-cr-0188 (M.D. Tenn. Sept. 28, 2015) (Plea Pet'n and Plea Agreement, ECF No. 59). The agreement called for the dismissal of the remaining count in the indictment (charging possession of a stolen firearm) and a sentence of sixty months of incarceration and three years of supervised release. The plea agreement provided that, if the court rejected the agreed sentence, either party had the right to withdraw from the plea agreement.

The court accepted the parties' binding agreement. On September 29, the court dismissed Count 1 of the indictment, entered judgment against the movant on Count 2 (the felon-in-possession charge), and sentenced the movant to sixty months of incarceration and three years of supervised release. *United States v. Scott*, No. 3:14-cr-0188 (M.D. Tenn. Sept. 29, 2015) (Judgment, ECF No. 60).

The movant filed this timely § 2255 action on May 2, 2016. In Ground One of the motion, the movant states only that "2K2.1(a)(4) is non-existent and should be acquitted" and

> Aggravated assault + Aggravated burglary and evading arrest fall under the residual clause therefore the rule of lenity must apply and Johnson is retroactive and thus Rita is violated because my sentencing did not start with the correct guideline.

(ECF No. 1, at 4.) The movant filed a memorandum of law in support of his motion, in which he states that he was "sentenced to a 922(g) and given a 2K2.1(a)(4) enhancement based on prior convictions for aggravated burglary and evading arrest." (ECF No. 2, at 1.) Citing *Welch v. United States*, 136 S. Ct.

1257 (2016), and *Johnson v. United States*, 135 S. Ct. 2551 (2015), among numerous other cases, the movant appears to be arguing that he was improperly sentenced under the so-called residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1)(B)(ii).

Federal law makes it a crime to be a previously convicted felon in possession of a firearm. 18 U.S.C. §§ 922(g). The crime is typically punishable by a prison term of *up to* ten years. 18 U.S.C. § 924(a)(2). The ACCA, however, increases that sentence to a *mandatory minimum* of fifteen years and a maximum of life if the offender has three or more prior convictions for a "serious drug offense" or a "violent felony." 18 U.S.C. § 924(e)(1). The statutory definition of "violent felony" includes any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(1)(B)(ii). In *Johnson*, the Supreme Court ruled that this provision of the ACCA, often referred to as the residual clause, is unconstitutional under the "void-for-vagueness doctrine." *Welch*, 136 S. Ct. at 1261 (citing *Johnson*, 135 S. Ct. at 2556). In *Welch*, the Court further held that *Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review. *Welch*, 136 S. Ct. at 1265.

Neither holding has any effect on this case. The movant was convicted of being a felon in possession based on several predicate underlying felonies, but he was sentenced under 18 U.S.C. § 924(a)(2), not § 924(e)(1)(B)(ii). He received a five-year sentence, not the mandatory minimum of fifteen years that would have applied if he had been sentenced under the ACCA. The movant clearly is not entitled to relief under *Johnson* and *Welch*.

He states no other ground for relief. The § 2255 motion is therefore **DENIED** for failure to state a cognizable claim for relief, and this action is **DISMISSED** in its entirety.

The court must issue or deny a certificate of appealability when it enters a final order adverse to the movant. Rules Gov'g § 2255 Proceedings, Rule 11(a). Because the movant has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the court **DENIES** a certificate of appealability.

It is so **ORDERED**.

This is the final order in this action for purposes of Fed. R. Civ. P. 58.

ALETA A. TRAUGER
United States District Judge